| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF RAMSEY | SECOND JUDICIAL DISTRICT |

Catherine Tayler Stetler,

                              Plaintiff,                            **SUMMONS**

v.

County of Ramsey, Ramsey County Sheriff Deputy
Mark Winkel (in his individual and official
capacities), John Does 1-2 (in their individual
and official capacities), and Jane Doe (in her individual
and official capacity),

                              Defendants.

THE STATE OF MINNESOTA TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to serve upon Plaintiff's attorney an Answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

Minnesota General Rules of Practice 114.01 provides that,

> "All civil cases are subject to Alternative Dispute Resolution (ADR) processes, except those actions enumerated in Minn. Stat. Sec. 484.76 and Rules 11.01 and 310.01 of these rules."

These processes are set forth in Rules 114.01 through 114.13 of the Minnesota General Rules of Practice for District Courts. This Notice shall not modify or abrogate the Defendant's requirement to provide a formal answer to the Complaint within the time period specified above.

**EXHIBIT A**

Dated this 17th day of December, 2012.

                                            Paul Applebaum (223098)
                                            Attorney for Plaintiff
                                            332 Minnesota Street
                                            Suite W1610
                                            St. Paul, MN 55101
                                            (651) 222-2999

STATE OF MINNESOTA            DISTRICT COURT

COUNTY OF RAMSEY            SECOND JUDICIAL DISTRICT
                                                                   Case Type: Civil

---

Catherine Tayler Stelter,            Court File No.:

                      Plaintiff,            **COMPLAINT AND JURY DEMAND**

v.

County of Ramsey, Ramsey County Sheriff Deputy Mark Winkel (in his individual and official capacities), John Does 1-2 (in their individual and official capacities), and Jane Doe (in her individual and official capacity),

                      Defendants.

---

Plaintiff Catherine Stelter for her Complaint states and alleges as follows:

1. This is an action for money damages for injuries sustained by Catherine Tayler Stelter("Plaintiff") as a result of the excessive use of force, and violation of her constitutional rights by on-duty Ramsey County Sheriff Mark Winkel ("Defendant Winkel"). Defendant Winkel's actions violated Plaintiff's well-settled civil rights while acting under the color of state law. Defendant Winkel's actions also violated the common laws of the State of Minnesota.

2. Plaintiff brings this action pursuant to 42 U.S.C. Sections 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and 28 U.S.C. Sections 1331 and 1343(3). This Court has concurrent jurisdiction over these statutory and constitutional provisions.

## PARTIES AND VENUE

3. Plaintiff is a citizen of the United States and is the age of majority. Defendant Winkel was a duly appointed deputy of the Ramsey County Sheriff's Department at all times relevant to this action.

4. This action properly lies in Ramsey County because the City of St. Paul is located in Ramsey County and all of the facts complained of arose in St. Paul, Minnesota.

## FACTUAL ALLEGATIONS

5. On June 21, 2011 in the early morning, Plaintiff was booked into the Ramsey County jail under suspicion of driving under the influence of alcohol.

6. Defendant Winkel was on duty and participated in the booking process. During the booking process, Defendant Winkel demanded that Ms. Stelter take her "f*****g" piercings out of her nose and bellybutton. Plaintiff, who had been docile and cooperative up until this point in the arrest, told Defendant Winkel that she had never taken the piercings out, couldn't, and therefore declined.

7. Defendant Winkel suddenly charged at Plaintiff throwing her to the concrete floor. Defendant Winkel then forced his knees into Plaintiff's back, shoved her face into the floor while calling Plaintiff "a f*****g little c**t."

8. After holding Plaintiff's face to the concrete floor for a few moments he picked her up and shoved her roughly into a female deputy saying, "you deal with her...she has a piercing that won't come out supposedly."

9. Plaintiff sustained a bruised nose and cheekbones, bruises and scrapes on her body and, after her release, appeared to others to have been in a car crash. Plaintiff sought medical treatment after her release incurring medical expenses.

10. Plaintiff lodged a complaint with the Ramsey County Sheriff's Office of Professional Standards who found that Defendant Winkel had willfully mistreated or jeopardized the safety or well-being of an inmate and engaged in conduct unbecoming an officer. Further, the investigator found that Defendant Winkel used excessive force during this incident. Defendant Winkel was suspended for three days as a result of this investigation.

11. As a result of Deputy Winkel's misconduct, Plaintiff sustained severe pain and suffering, facial injuries, humiliation, and prolonged emotional distress and mental anguish.

## COUNT 1 – EXCESSIVE USE OF FORCE IN VIOLATION OF 42 U.S.C. SECTION 1983

Plaintiff re-alleges paragraphs 1 through 11 and further states:

12. Defendant Winkel violently shoved Plaintiff, threw her to the floor, and smashed her face into the floor while she was docile and compliant. Defendant Winkel acted with specific intent to deprive Plaintiff of her right to be free from excessive and unjustified force. Defendant Officers' actions violated Plaintiff's well-established rights under the Fourth and Fourteenth Amendments to the United States Constitution.

13. Defendant Winkel's actions were the direct and proximate cause of the constitutional violations and Plaintiff's damages.

## COUNT 2 – BATTERY

Plaintiff re-alleges paragraphs 1 through 12 and further states:

14. Defendant Winkel violently shoved Plaintiff, threw her to the down, and smashed her face into the floor without any legal or commonsense justification. Defendant Winkel used more physical force than was reasonable and necessary under the circumstances. Such contact and excessive force constitutes common law battery.

15. Defendant Officers' battery was the direct and proximate cause of Plaintiff's damages.

16. Ramsey County is jointly and severally liable for the actions of Defendant Winkel under the doctrines of agency and *respondeat superior*.

## COUNT 3 – ASSAULT

Plaintiff re-alleges paragraphs 1 through 16 and further states:

17. Defendant Winkel violently shoved Plaintiff, threw her down, and smashed her face into the floor while she was compliant. Defendant Winkel caused Plaintiff to be in reasonable fear of her immediate safety and well-being. These actions and display of force by Defendant Winkel constitute common law assault.

18. Defendant Winkel's illegal assault and battery were the direct and proximate cause of Plaintiff's injuries and damages.

19. Defendant Ramsey County is jointly and severally liable for Defendant Winkel's actions under the doctrines of agency and *respondeat superior*.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a. awarding Plaintiff compensatory and punitive damages against Defendants, each of them, jointly and severally, in excess of $100,000.00;

b. awarding Plaintiff all of his costs and disbursements, including reasonable attorney's fees as allowed by law, including 42 U.S.C. Section 1988; and

c. granting such other relief as the Court may deem just and equitable

4

Dated: October 26, 2013                          Respectfully submitted,

                                                 APPLEBAUM LAW FIRM

                                                 Paul Applebaum (223098)
                                                 First National Bank Building
                                                 332 Minnesota Street, Suite W-1610
                                                 St. Paul, Minnesota 55101
                                                 Phone: (651) 222-2999
                                                 Fax: (651) 223-5179
                                                 paul@applebaumlawfirm.com

                                                 *Attorney for Plaintiff*

5

## ACKNOWLEDGMENT REQUIRED BY
## MINNESOTA STATUTE § 549.211

The party represented by the undersigned hereby acknowledges that pursuant to Minn. Stat. § 549.211, monetary and/or non-monetary sanctions may be imposed for claims made in violation of that statute.

Dated: October 26, 2012

_____
Paul Applebaum (#223098)

6